IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DARLA J. LEATH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action |
| vs. ) | No. 11-0252-CV-W-JCE-SSA |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

Plaintiff is appealing the final decision of the Secretary denying her application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq. and supplemental security income benefits under Title XVI of the Act, 42 U.S.C. § § 1381 et seq. Pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), this Court may review the final decisions of the Secretary. For the following reasons, the Secretary's decision will be affirmed.

Standard of Review

Judicial review of a disability determination is limited to whether there is substantial evidence in the record as a whole to support the Secretary's decision. 42 U.S.C. § 405(g); e.g., Rappoport v. Sullivan, 942 F.2d 1320, 1322 (8th Cir. 1991). Substantial evidence is "'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. V. NLRB, 305 U.S. 197, 229 (1938)). Thus, if it is possible to draw two inconsistent positions from the evidence and one position represents the Agency's findings, the Court must affirm the decision if it is supported on the record as a whole. Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992).

1

In hearings arising out of an application for benefits, the claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. §§ 423(d)(1) and 1382c(a)(3)(A). Wiseman v. Sullivan, 905 F.2d 1153, 1156 (8th Cir. 1990). In order to meet this burden, the claimant must show a medically determinable physical or mental impairment that will last for at least twelve months, an inability to engage in substantial gainful activity, and that this inability results from the impairment. Id. Once a claimant demonstrates that the impairment is so severe as to preclude the performance of past relevant work, the burden shifts to the Secretary to prove some alternative form of substantial gainful employment that claimant could perform.

The standard by which the ALJ must examine the plaintiff's subjective complaints of pain is well settled. The ALJ must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as the claimant's daily activities, the duration and frequency of pain, precipitating and aggravating factors, dosage and effects of medication, and functional restrictions. Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). When rejecting a claimant's subjective complaints, the ALJ must make an express credibility determination detailing the reasons for discrediting that testimony, and discussing the factors set forth in Polaski.

The ALJ must give full consideration to all of the relevant evidence on the Polaski factors and may not discredit subjective complaints unless they are inconsistent with the evidence in the record as a whole. Haynes v. Shalala, 26 F.3d 812, 814 (8th Cir. 1994).

Discussion

Plaintiff was born on October 21, 1959, and has an Associates Art degree. Her employment has been sporadic and most recently involved working in a bagel shop as a sandwich maker and in a fast food restaurant. She alleges a disability as a result of COPD and a bipolar disorder.

It was the finding of the ALJ that:

1. The claimant has not engaged in substantial gainful activity since October 10, 2008, the application date (20 CFR 416.971 *et seq.*).

2. The claimant has the following severe impairment: Chronic Obstructive Pulmonary Disease (COPD) (20 CFR 416.920( c)).

3. Since the alleged onset date of disability, the claimant has had the following impairments that are "non-severe" (20 CFR 404.1521 and 416.921): A mental impairment variously diagnosed to include bipolar disorder, a DAA impairment diagnosed to include poly-substance abuse (alcohol, cocaine and heroin), in sustained remission since May 2006 and Hepatitis C seropositivity.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of light work as defined in 20 CFR 416.967(b).

6. The claimant is unable to perform any past relevant work (20 CFR 416.965).

7. The claimant was born on October 21, 1959 and was 48 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules directly supports a finding of "not disabled," whether or not claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that claimant can perform (20 CFR 416.969 and 416.969 (a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, since October 10, 2008, the date the application was filed (20 CFR 416.920 (g)).

Plaintiff asserts that the ALJ erred by failing to classify her mental impairment as severe; by improperly assessing her credibility and establishing a Residual Functional Capacity which was not supported by the record as a whole, and by applying the Medical-Vocational Guidelines, despite the presence of significant non-exertional impairments.

In determining that plaintiff's mental impairment was not severe, the ALJ considered plaintiff's own description of her condition when on medication. She also delineated the conclusions reached by psychiatrists who were consulted for medication management. The record reflects that, despite her impairments, she maintained employment for a significant portion of 2007 and 2008, earned a promotion and was only dismissed once it was alleged her drawer was short. Plaintiff's argument that the fact of diagnosis clearly supports a finding that her impairment is severe is not supported by the record. In addition, the mere fact that she has received treatment does not require a finding for the severe impairment. Plaintiff points to no objective evidence that the conditions significantly limit any work-related activities. The ALJ also relied on evidence from a state agency physician who also concluded that her bipolar was not severe. While plaintiff argues the reliance on this position was improper, the ALJ considered other evidence or record, not just a state agency physician.

The ALJ discounted plaintiff's claim that she was unable to work because of her medical

4

impairments.  She cites to the record that plaintiff was not working because no one would hire her due to her prior felony convictions, rather than COPD or her bipolar disorder.  She also noted plaintiff's job hunting efforts during the period of disability.  By receiving unemployment benefits, she held herself out as being willing and able to work.  Finally, the fact that plaintiff left her employment for reasons other than her medical condition is a proper consideration.  In discussing the COPD, the ALJ noted that plaintiff repeatedly failed to comply with the treatment for that condition, but not her bipolar condition.  Plaintiff argues to the contrary, however, there is nothing in the record to suggest that her mental condition contributed to the noncompliance of the COPD treatment or to the use of cigarettes.

Plaintiff's argument that she suffered from side effects as a result of the medication is not supported in any medical record.  The doctors consistently found plaintiff not drowsy or dizzy.  Further, her weight fluctuation has not been connected to any side effect of medication, nor has it been suggested that it affects here ability to work.

The ALJ correctly considered plaintiff's daily activities.  She noted the extensive participation in AA and NA.  Despite asserting that her COPD hindered her ability to walk more than a block or two, the record shows she vacationed in Colorado for several weeks and advised her physician that she walked two miles a day on a treadmill in an effort to lose weight.  The ALJ credibility analysis complied with the requirements of Polaski v. Heckler, Supra.   In view of the credibility determination, the RFC assessment was also supported by substantial evidence.

Plaintiff's final argument that the grids were improperly used is without merit because

the ALJ properly determined that the bipolar was non-severe and that the alleged side effects of medication were not supported by the record. The use of the girds was not in error.

Based on the record before it, the Court finds that the ALJ's decision is supported by substantial evidence in the record, <u>Clark v. Sullivan,</u> 768 F. Supp. 278, 280 (W.D. MO 1991), and that plaintiff has failed to meet her burden of proving that she has an impairment that precludes her from engaging in substantial gainful activity. The ALJ's findings that plaintiff was not disabled and could perform past relevant work are supported in the record as a whole. Accordingly, the decision of the Secretary should be affirmed.

It is hereby

ORDERED that the decision of the Secretary be, and it is hereby, affirmed.

/s/ James C. England  
   JAMES C. ENGLAND  
United States Magistrate Judge

Date: July 18, 2012